UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND MATOS (#539440)

VERSUS                                          CIVIL ACTION

DEPARTMENT OF PUBLIC SAFETY                     NUMBER 12-478-JJB-SCR
AND CORRECTIONS, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 9, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND MATOS (#539440)

VERSUS                                              CIVIL ACTION

DEPARTMENT OF PUBLIC SAFETY                         NUMBER 12-478-JJB-SCR
AND CORRECTIONS, ET AL

**MAGISTRATE JUDGE'S REPORT**

Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to serve the defendants within the time allowed by Rule 4(m), Fed.R.Civ.P.  Record document number 3.  Plaintiff filed a response.[1]

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, ("DCI") filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections and DCI Warden Steve Rader.  Plaintiff alleged that the Department of Corrections refused to comply with the sentencing judge's order that his two sentences be served concurrently.  Plaintiff sought monetary damages and injunctive relief.  Plaintiff filed his complaint on August 8, 2012.

Plaintiff was ordered to show cause on January 4, 2013, why the complaint should not be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., for failure to timely serve the defendants.

---

[1] Record document number 4.

In his response, the plaintiff argued that it was his understanding that the Clerk of Court was responsible for serving the defendants.  Plaintiff further argued that because Rule 4(m) provides that service must be made within 180 days, he has until February 8, 2012 to serve the defendants.

Under Rule 4(m) a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service.  *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).  "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id*.  In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id*. (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)).  It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days."  *Id*. at

2

1305-06.

First, the plaintiff's factual assertion that the rule allows 180 days to serve the defendants is incorrect.[2]  Absent an extension of time, service must be made within 120 days after the complaint is filed.  Second, although the plaintiff is a prisoner, he is not proceeding as a pauper.[3]  Consequently, the U.S. Marshal was not ordered to serve the defendants.[4]  Third, although the plaintiff asserted "that he has served each defendant with a copy of his summons and/or complaint on December 18, 2012,"[5] he did not submit any return of service showing who served the defendants and the manner in which they were served.  As provided by Rule 4(c)(2), the plaintiff is not permitted to serve the defendants himself.  Also, the plaintiff could not have served the defendants with a summons since the record does not show that the plaintiff ever requested the clerk of court to issue summons or that the clerk of court did so without a request from the plaintiff.

Plaintiff took no steps to serve the defendants before the

---

[2] Plaintiff's mistake is understandable since the show cause order incorrectly indicated that the time allowed is 180 days.  This was a typographical error which would have been easily revealed by simply reading Rule 4(m).

[3] Plaintiff paid the full filing fee after being notified that he had to either pay the filing fee or seek to proceed as a pauper.  Record document number 2.

[4] See Rule 4(c)(3), Fed.R.Civ.P.  Nor did the plaintiff move to have the U.S. Marshal appointed to served the defendants.  *Id.*

[5] Record document number 4, p. 2.

time allowed by Rule 4(m) had already expired.  The record evidence supports a finding that the plaintiff has not shown good cause for failure to timely serve the defendants.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's claims against defendants Louisiana Department of Public Safety and Corrections and Warden Steve Rader be dismissed for failure to timely serve the defendants pursuant to Rule 4(m), Fed.R.Civ.P. and this action be dismissed.[6]

Baton Rouge, Louisiana, January 9, 2013.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred.  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993);  contra *Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal).